Firm ID# 34832

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| I-TRADE FX LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. **08CH41589** |
| ) | |
| UBS AG, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff I-Trade FX LLC, by its counsel, Henderson & Lyman, and as and for its complaint against Defendant UBS AG, states as follows:

### PARTIES

1. At all times relevant hereto, Plaintiff I Trade FX LLC (hereinafter "I-Trade") was and is a Limited Liability Company formed and existing under the laws of the State of Florida. I-Trade is located at 400 Colonial Parkway, Lake Mary, Florida 32476.

2. At all times relevant hereto, Defendant UBS AG (hereinafter "UBS") was and is, upon information and belief, a Swiss company with its United States headquarters in New York, New York. UBS maintains offices in Chicago at One North Wacker Drive, Chicago, Illinois 60601. UBS conducts significant business in Chicago, Illinois, and is therefore subject to the jurisdiction of this Court.

## FACTS

3. On or about September 20, 2007, I-Trade and UBS entered into an FX Prime Brokerage Agreement (the "Agreement"), pursuant to which the parties would establish a facility through which I-Trade could trade foreign exchange transactions with various entities.

4. In connection with the Agreement, I-Trade established an account with UBS bearing Account Number 0200-WA734818 (the "Account"), which account was held with UBS in its Stamford, Connecticut offices.

5. As of the date of filing this Complaint, the balance in the Account was $4,040,887.72 (the "Funds").

6. The Funds held in the Account are the sole property of I-Trade and/or its customers, and I-Trade has the absolute and unconditional right to the immediate possession of the Funds.

7. On or about September 24, 2008, UBS advised I-Trade that it was winding down its prime brokerage services business as it related to foreign exchange transactions, and advised I-Trade that it should make arrangements with another bank to establish a new facility for trading foreign exchange transactions.

8. I-Trade had an existing relationship with Bank of America, and decided to transfer the Funds to its account at Bank of America.

9. On or about November 4, 2008, I-Trade directed UBS to transfer the Funds from UBS to Bank of America.

10. On November 4, 2008, UBS advised I-Trade that it would not transfer the Funds, and otherwise refused to comply with I-Trade's demand, on the grounds that UBS had been

advised that a United Kingdom regulatory agency apparently intended to seek a restraining order related to the Account.

11.　UBS advised I-Trade that no such restraining order was in place, only that this agency – the Serious Organized Crime Agency of the United Kingdom – would be seeking such an order.

12.　Upon information and belief, as of the filing of this Complaint, no such order has been entered by any Court or other entity having jurisdiction over the Account, the Funds, or I-Trade.

13.　Despite the fact that no such order has been entered, UBS has failed and refused to comply with I-Trade's demand regarding the transfer of the Funds.

## COUNT ONE
## CONVERSION

14.　I-Trade incorporates by reference the allegations in paragraph 1-13 hereof, as if set forth in full herein.

15.　By failing and refusing to comply with I-Trade's demand to transfer the Funds to Bank of America, UBS has exercised intentional, unauthorized and wrongful control or ownership over the Funds, which are the sole property of I-Trade, to the detriment of I-Trade's rights in and to the Funds.

16.　Such unauthorized and wrongful control or ownership over the Funds constitutes conversion.

17.　As a result of the conversion of the Funds by UBS, I-Trade has suffered immediate and ongoing harm.

## COUNT TWO
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

18. I-Trade incorporates by reference the allegations in paragraph 1-17 hereof, as if set forth in full herein.

19. I-Trade has been, and continues to be, in danger of being irreparably harmed by UBS's actions, as described more fully herein, insofar as, among other reasons, it is in jeopardy of violating applicable "net capital" rules imposed by the Commodity Futures Trading Commission, and is therefore in jeopardy of being shut down and having its business operations terminated.

20. If UBS is not immediately and permanently enjoined from exercising improper and unlawful control over the I-Trade account, I-Trade will suffer irreparable harm.

**WHEREFORE,** I-Trade requests that the Court:

a. Order that UBS immediately release the Funds to I-Trade and/or transfer the Funds to an institution of I-Trade's direction;

b. Award I-Trade punitive damages for the intentional wrongful conduct of UBS;

c. Award I-Trade its costs of filing this action, including reasonable attorneys' fees; and

d. Grant such other relief as the Court deems necessary and proper.

Dated: November 5, 2008

                                        Respectfully submitted,

                                        I-TRADE FX LLC

                                        By: _____
                                                Counsel

Jeffry M. Henderson
Harris L. Kay
Henderson & Lyman
Firm ID# 34832
175 West Jackson Boulevard, Suite 240
Chicago, Illinois 60604
(312) 986-6960
(312) 986-6961 (fax)